IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHANNON BOYD, for R.M.B., a minor child,  §§§§ | |
| Plaintiff,  § | |
| V.  §§ | No. 3:12-cv-864-P-BN |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,  §§§§ | |
| Defendant.  § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shannon Boyd, on behalf of his minor daughter, seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision should be reversed.

**Background**

This is an appeal from the decision of the Commissioner of Social Security Administration denying the claim of Shannon Boyd ("Plaintiff") on behalf of his daughter, R.M.B., for supplemental security income ("SSI"). Plaintiff filed an application, on behalf of R.M.B., alleging asthma and eczema. After Plaintiff's benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge. That hearing was held on July 12, 2010. At the time of the hearing, R.M.B. was six years old. R.M.B. was a school-aged child at the time of her

hearing and remains a school-aged child. 20 C.F.R. § 416.926a(g)(iv). Plaintiff has not engaged in substantial gainful activity. *See* Administrative Record [Dkt. No. 7] at 14.

The ALJ found that R.M.B. was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that R.M.B. suffered from eczema and asthma and was post-eye surgery, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See* Dkt. No. 7 at 14-15. Additionally, the ALJ found that R.M.B. did not have an impairment or combination of impairments that functionally equals the listings. *See id.* at 5. In making this determination, the ALJ found that R.M.B. did not have two "marked" limitations or one "extreme" limitation in any area of functioning and therefore was not disabled under the Act for the relevant time period. *See id.* at 5-11.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

Plaintiff contends R.M.B.'s asthma impairment met or medically equaled the criteria of Listing 101.03(C)(2) and that therefore, under 20 CFR 416.924(a) & (d), a finding of disability is required. *See* Dkt. No. 10 at 4. In his Reply, Plaintiff asserts an alternative theory – that the ALJ improperly rejected the opinions of R.M.B.'s treating physicians.

The undersigned recommends that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

**Legal standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). To be entitled to social security benefits, a plaintiff must prove that he is disabled for purposes of the Social Security Act. *See Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir.1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988).

Under the Social Security Act, a child under the age of eighteen years is considered disabled if he has a medically determinable impairment "which results in marked and severe functional limitations" and which can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner utilizes a sequential, three-step inquiry to determine whether a claimant under the age of eighteen years is disabled. Those steps are:

> 1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.
> 2. An individual who does not have a "severe impairment" will not be found to be disabled.
> 3. An individual who "meets, equals, or functionally equals a listed impairment in Appendix 1" of the regulations will be considered disabled.

20 C.F.R. § 416.924(a). If the child's impairment does not medically meet a listed impairment in Appendix 1, the ALJ will still, pursuant to 20 C.F.R. § 416.924(a)-(d), perform a "functional equivalence" analysis in which it considers whether the applicant's impairment results in a "marked" limitation in two, or an "extreme"

limitation in one, of the following domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects (or "motor skills domain"); (5) caring for oneself; and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1), (d); *Richard ex rel. Z.N.F. v. Astrue*, 480 F. App'x 773, 778 (5th Cir. 2012). The burden lies with the claimant to prove his disability. *See* 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner's determination is afforded great deference. *See Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994); 42 U.S.C.A. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

## Analysis

Plaintiff contends that the ALJ erred at step three in his decision. That is, Plaintiff contends that R.M.B. meets or medically equals a listing requirement and therefore a finding of disability was required. *See* Dkt. No. 11 at 3.

Plaintiff argues that the ALJ failed to consider whether R.M.B. met the listing requirement for Asthma as laid out in 20 C.F.R., Part 404, Subpart P, Appendix 1, section 103.03C(2). Listing 103.03(C)(2) requires a finding of disability when the claimant's asthma causes: "[p]ersistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with one of the following: ... Short courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12–month period." 20 C.F.R., Part 404, Subpart P, Appendix 1, § 103.03C(2).

In his Report, the ALJ stated that "[t]he claimant's asthma does not meet the requirements for listing 103.03 for asthma because it does not cause her to have chronic bronchitis nor does she have asthma attacks requiring physician intervention at the frequency of the intensity required for listing level severity." Dkt. No. 7 at 14. Thus, it appears that the ALJ only considered whether R.M.B. met the Asthma Listing requirements as laid out in Section 103.03(B). Section 103.03 contains other subsections, however, that also provide symptoms that would warrant a finding of a listing-level impairment. Moreover, the frequency of attacks requirement in section 103.03(B) is not a requirement of all subsections. *See Fontenelle ex rel M.S. v. Astrue*, 849 F. Supp. 2d 784, 794 (N.D. Ill. 2012). Indeed, "a condition of asthma accompanied

by evidence of the requirements of section 103.03(C) does not also have to meet the frequency of attacks requirement of 103.03(B)." *Id.* (citing *Mayfield v. Barnhart*, No. 01 C 9418, 2003 WL 223310, at *8 (N.D. Ill. Jan. 30, 2003)). Thus, a disability finding must be made under Section 103.03(C) where there is "persistent low-grade wheezing ... requiring daytime and nocturnal use of sympathomimetic bronchodilators with ... [s]hort courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12-month period." 20 C.F.R., Part 404, Subpart P, Appendix 1, § 103.03C(2).

The ALJ failed to analyze any of the requirements under Section 103.03(C)(2). *See* Dkt. No. 7 at 14. The ALJ's failure to consider R.M.B.'s impairment and the applicable evidence under Section 103.03(C)(2) was error. *See Bailey v. Astrue*, No. 3:10-cv-1187-BD, 2011 WL 4048394, at *4 (N.D. Tex. Sept. 12, 2011); *Inge ex rel. D.J.I. v. Astrue*, No. 7:09-cv-95-O, 2010 WL 2473835, at *10 (N.D. Tex. May 13, 2010); *Hamilton v. Astrue*, No. 10-363-SCR, 2011 WL 5835090, at *4-5 (M.D. La. Nov. 21, 2011); *see also Brindisi ex rel Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003); *Ribaudo v. Barnhart*, 458 F.3d 580, 583-84 (7th Cir. 2006) ("Although the ALJ is not required to mention every piece of evidence in the record, his failure here to evaluate any of the evidence that potentially supported Ribaudo's claim does not provide much assurance that he adequately considered Ribaudo's case." (citations omitted)).

This error only warrants reversal, however, if the claimant's "substantial rights" were affected. *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). A claimant's substantial rights are affected where the claimant "would appear to have met [his]

burden of demonstrating that she meets the Listing requirements for" Section 103.03(C)(2). *Id.* at 449. In *Audler*, the Fifth Circuit found reversal was proper because the record contained medical reports with uncontroverted findings that, if accepted by the ALJ, would have satisfied the criteria for meeting the listing's requirements. *See id.* at 448-49.

While Plaintiff claims that the evidence demonstrates that R.M.B. met the Listing in Section 103.03(C)(2), Defendant contends otherwise. *See* Dkt. No. 13 at 4. More specifically, Defendant argues that "Claimant's asthmatic symptoms did not include persistent low-grade wheezing between acute attacks, or an absence of symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators." *Id.*

Defendant relies on some medical records to support the theory that R.M.B. did not meet the Listing's requirements. *See id.* at 5-8. While Defendant points the Court to evidence that R.M.B. did not meet the first requirement of Section 103.03(C)(2), there is substantial evidence, including from R.M.B.'s treating physician, that she did have persistent wheezing and use of sympathomimetic bronchodilators. *See, e.g.*, Dkt. No. 7 at 194 (coughing and wheezing for one week), 230 (coughing and wheezing daily for weeks), 231 (prescription of daily bronchodilators), 327-28 (still having coughing and wheezing; diagnosis of severe, persistent asthma; and prescription of daily bronchodilators). The ALJ failed to consider, even acknowledge, any of this evidence in light of Section 103.03(C)(2).

Defendant did not point to any evidence indicating that R.M.B. did not meet the second requirement regarding corticosteroids. And medical records in the Administrative Record demonstrate that R.M.B. was prescribed a course of corticosteroids lasting five days or more on several different occasions in a twelve month period, including: January 22, 2008, Dkt. No. 7 at 263; March 11, 2008, *id.* at 194; April 6, 2009, *id.* at 209; July 4, 2009, *id.* at 230; November 7, 2009, *id.* at 306; March 29, 2010, *id.* at 327; and January 4, 2010, *id.* at 331.

While the determination of whether the evidence in the record meets or medically equals the requirements of the listing is the ALJ's to make, the ALJ's failure to even consider this evidence in light of the unmentioned subsections of Listing 103.03 suggests that his determination was incomplete. Not only did the ALJ fail to mention Section 103.03(C), he failed to mention any of the evidence on its required criteria that is favorable to Plaintiff. The undersigned concludes that Plaintiff's substantial rights were affected by the ALJ's failure to consider Section 103.03(C). Therefore, the ALJ's opinion should be vacated, and this case remanded, so that the ALJ can conduct a more thorough analysis of the evidence and whether it meets the Listing requirements found in Section 103.03(C).

The undersigned notes that in his Reply, Plaintiff raised a second error he claims the ALJ committed in making his determination – that the ALJ improperly rejected the opinion of R.M.B.'s treating physician. *See* Dkt. No. 14 at 3. The argument was not asserted in Plaintiff's Motion and Defendant did not have an opportunity to respond to it. As such, the undersigned questions whether the argument could even be

considered. This issue need not be reached, however, because of the finding that the ALJ failed to consider the Listing requirements in their entirety. As such, this argument will be denied as moot.

## Recommendation

The hearing decision should be reversed, and this case should be remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 2, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE